IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH R. TARRANT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1446-M (BH) |
| | ) | ECF |
| TOM CEARLY, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a resident of Dallas County, Texas, filed this action against numerous individuals and entities[1] on August 18, 2008, alleging a broad conspiracy to cover up fraud resulting in "the wrongful foreclosure of his property" at 5908 Park Manor Drive, Dallas, Texas (hereinafter "disputed property"). (Compl. at 1.) He claims that he has made several attempts to prevent the foreclosure of the disputed property, and to stop defendants from performing deceptive acts against him." (*Id.*)

Based on Plaintiff's vague allegations and failure to comply with Fed. R. Civ. P. 8(a), the

---

[1] He lists as defendants: Tom Cearly; "Red Moon Propertie's [sic]"; John J. Gorman ("Gorman"); Charles Mathews; Philip Layer; Wilmer Hutchins ISD ("Wilmer Hutchins"); Dallas Independent School District (through merger of Wilmer Hutchins); Luther Edwards, former trustee of Wilmer Hutchins; Dallas County Sheriff Department; "Dallas County Central Apprasial [sic] District"; Royce West, Jr.; The Law Firm of Gooden and West; and Dallas Housing Authority. Plaintiff corrects the two misspellings in his answers to the Magistrate Judge's Questionnaire. The Clerk of Court is directed to change the docket sheet to reflect the correct spelling for Defendants "Dallas County Central Appraisal District" and "Red Moon Properties".

Court sent Plaintiff a Magistrate Judge's Questionnaire ("MJQ")[2] to obtain information about the factual and jurisdictional bases for this action. Plaintiff contends that in 1983, Defendant Gorman fraudulently obtained and conveyed the disputed property through forgery to James L. Files ("Files"). These actions resulted in their federal criminal convictions in 1985 (Cause No. 3:85-CR-161-R) and federal bankruptcy proceedings (Cause Nos. 3:84-30948-M-7, 3:84-30949-M-7, and 3:84-30950-M-7). Plaintiff was "allowed a claim in the amount of $34,753" against the bankruptcy estates of Files, Gorman, and J & J Planning Services. *See In re: Files*, No. 3:84-30950-M-7 (Bankr. N.D. Tex. Jan. 17, 1989) (second order on objections attached to Answer to Question 1 of MJQ). On March 10, 1989, Plaintiff filed an appeal from that bankruptcy proceeding. *See Tarrant v. Files*, No. 3:89-CV-0691-T (N.D. Tex. Mar. 10, 1989) (bankruptcy appeal filed versus Gorman, Files, Sharon G. Files, and J & J Planning Services) That appeal was closed on June 26, 1989.

The disputed property also became an issue in several civil actions in the late-1980s and early- to mid-1990s. *See Tarrant v. Tex. Am. Bank Greater Southwest*, No. 86-05512-E (101st Dist. Ct., Dallas County, Tex. Sept. 19, 1990) (Plaintiff's motion for new trial attached to Answer to Question 1 of MJQ showing that Plaintiff pursued a state action to cancel a "Warranty Deed" whereby he purportedly conveyed the disputed property to Gorman); *Tarrant v. J & J Planning Serv.*, No. 3:91-CV-0350-R (N.D. Tex. Feb. 15, 2001) (civil complaint concerning foreclosure); *Tarrant v. Parness*, No. 3:91-CV-0757-C (N.D. Tex. Apr. 17, 1991) (federal tort action concerning property); *Tarrant v. Files*, No. 3:92-CV-2597-X (N.D. Tex. Dec. 18, 1992) (complaint removed from state court (Cause No. 92-13521-E) regarding a default promissory note against Files, some banks,

---

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

a title company, a title insurance company, Famco, Federal Deposit Insurance Co. ("FDIC") as Receiver for Texas American Bank/Greater Southwest, State of Texas, and Larry Parness); *Wilmer-Hutchins Indep. Sch. Dist. v. Tarrant*, No. 94-40507 (193rd Dist. Ct., Dallas County, Tex. July 21, 1994) (answer by FDIC attached to Answer to Question 6 of MJQ showing action against Tarrant); *County of Dallas v. Tarrant*, No. 95-30137-T/C (68th Dist. Ct., Dallas County, Tex.) (undated motion for summary judgment attached to Answers to MJQ showing that Dallas County commenced a suit to recover unpaid taxes on the disputed property for tax years 1984 through 1993).

The *Wilmer-Hutchins* case ultimately resulted in a judgment and decree of foreclosure rendered on January 20, 1998, and an Order of Sale issued by the state court on March 26, 2004. (*See* Sheriff's Deed attached to Answers to MJQ.) On June 1, 2004, Wilmer Hutchins purchased the foreclosed property through a Sheriff's sale. (*See id.*). On June 24, 2004, Wilmer Hutchins transferred title to the disputed property to Defendant Tom Cearly ("Cearly"). (*See* Quitclaim Deed attached to Answers to MJQ.) In February 2005, Cearly transferred title to Red Moon Properties, LP. (*See* Warranty Deed attached to Answers to MJQ.) Approximately thirty months later, Plaintiff commenced the instant civil action.

Plaintiff asserts that jurisdiction exists because this case arises from the federal bankruptcy filing. (*See* Answer to Question 1 of MJQ and attachments thereto.) He also asserts that jurisdiction is proper because the FDIC "was a party."[3] (*Id.*) Plaintiff seeks recover the disputed property

---

[3] The FDIC was not listed as a party to the present action. (*See* Compl. at 1-3 (listing defendants); Answer to Question 2 of MJQ (listing claims against defendants).) Although the FDIC was a party in *Tarrant v. Files*, No. 3:92-CV-2597-X (N.D. Tex. Dec. 18, 1992), a case removed by the FDIC to federal court, this case is separate and distinct from that long-closed case.

and to set aside all judgments entered "in this case."[4] as well as (1) the Sheriff's deed to Wilmer Hutchins; (2) the deed from Wilmer Hutchins to Cearly; (3) the deed from Cearly to Red Moon Properties; (4) the deed to Gorman; and (5) the deed from Gorman to Files. (*See* Answers to Questions 3 an 7 of MJQ.) He also asks the Court to certify and reinstate the bankruptcy judgment entered in the Northern District of Texas. (*See* Answer to Question 7 of MJQ.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Plaintiff has stated no proper basis for federal jurisdiction over this action. Federal jurisdiction does not exist because the FDIC was a party to one of Plaintiff's prior federal actions or because this action may arise from the federal bankruptcy filing by Defendants Gorman and Files. Plaintiff has already pursued a bankruptcy appeal related to that bankruptcy action. To the extent

---

[4] No judgment has been entered in this case. Plaintiff's request to set aside such judgments suggests an erroneous belief that the instant action is merely some sort of continuation of one or all of his many prior actions.

the instant action constitutes a second bankruptcy appeal, this Court has no jurisdiction because the action was not filed within ten days of the bankruptcy court's judgment. *See In re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2008). In the absence of appellate jurisdiction over the bankruptcy judgment, this Court has no jurisdiction issue any ruling regarding such judgment.

Furthermore, to the extent Plaintiff seeks to review and nullify any order or judgment in his prior federal actions, the Court lacks jurisdiction because no district judge has the power of appellate review over the other judges of this court. *See In re McBryde*, 117 F.3d 208, 223, 225-26 (5th Cir. 1997) ("a district judge lacks the power of appellate review over his fellow district court judges") ("the chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district via his § 137 assignment power"). Additionally, "the structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." *Id.* at 225 n.11 (quoting *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988)).

Finally, the *Rooker-Feldman* doctrine[5] divests this Court of jurisdiction to the extent Plaintiff seeks to review or nullify final orders entered in state court. With that doctrine, the Supreme Court "definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state

---

[5] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "It is hornbook law that no court of the United States – other than the United States Supreme Court – can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Jordaan*, 275 F. Supp. 2d at 788. When a federal action attempts to circumvent the state appellate process to collaterally attack the validity of state court judgments and final orders, the lower federal courts lack subject matter jurisdiction over such action. *See id.* at 788-89.

Although in 2005 the Supreme Court sought to clarify the precise contours of the *Rooker-Feldman* doctrine in light of various interpretations "in the lower courts," the clarification does not appear to alter the cited precedent. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283-94 (2005). As delineated by *Exxon Mobil Corp.*, "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The instant case presents the precise situation where the *Rooker-Feldman* doctrine divests the court of subject matter jurisdiction. Not only does Plaintiff specifically ask the Court to review and nullify final orders of the state courts, but any constitutional claims that

6

he may be presenting are inextricably intertwined with the rulings of the state courts.

Because Plaintiff has stated no proper basis for federal jurisdiction over this action, and because the *Rooker-Feldman* doctrine divests this Court of jurisdiction in any event, the Court lacks subject matter jurisdiction over this action.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action for lack of jurisdiction.

**SIGNED this 18th day of September, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE